### George Gliebas, Appellee, v. Spring Valley Coal Company, Appellant.

### Gen. No. 15,103.

1. MINES AND MINERS—*what an assumed risk for which operator not liable.* An injury resulting to a miner from a fall of coal from the face of the vein not occasioned by the act of the operator or resulting from the non-performance by him of any of his statutory or common law obligations, will not impose liability upon him, the risk of injury from such a cause being an assumed risk.

2. VERDICTS—*when set aside as against the evidence.* A verdict clearly and manifestly against the weight of the evidence will be set aside on review.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. ARTHUR H. FROST, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Reversed. Opinion filed December 2, 1910.

MASTIN & SHERLOCK and FRANK CROZIER, for appellant.

JOHNSON, BELASCO & McCABE, for appellee.

MR. PRESIDING JUSTICE MACK delivered the opinion of the court.

A judgment was rendered in favor of plaintiff on

the verdict of a jury for $821 for injuries sustained by him in a coal mine accident. The basis of his claim was the alleged willful violation of the statutory duty to provide when demanded, "a sufficient supply of props delivered at the usual place for the securing of the roof by the miners." R. S. ch. 93, sec. 16.

Plaintiff contended that he had made a proper demand and that defendant had willfully failed to comply therewith; and that as a result of the failure to obtain the props, he was unable to strengthen the roof which gave way, falling on him and causing severe injuries.

To succeed under these pleadings in this cause plaintiff must prove each of these allegations by a preponderance of the evidence.

Defendant claims that none of them has been thus sustained; that no demand was made; that in any event there was a full supply of props on hand; that the injury was due, not to a fall of rocks from the roof, to strengthen which the props are used, but to a fall of coal from the face of the vein. If it was so caused, then there would be no liability not only because props would be useless to prevent it, but also because such an accident is one of the assumed risks and not within the scope of the statute.

In view of the conclusions reached by us, it is unnecessary to consider any of the errors assigned by appellant other than the main one that the preponderance of the evidence fails to support plaintiff's claims.

The evidence shows that in mining operations in this state a shaft is sunk into the ground to the seam of coal. Through this shaft is operated a cage for the purpose of hoisting coal from the mine, and as a means of ingress and egress for the miners. From the bottom of the shaft radiate entries, in mining parlance called the main or straight entries. From these entries other entries lead off to the working places which are called rooms. Along these entries are laid

tracks on which are operated small cars having a capacity of something like two tons. In mining, the miners cut in under the seam, pulling the dirt and rock from under the coal, so that it is "squeezed" down by the weight above, which causes it to fall, sometimes catching the miner. After the coal is removed the miner then removes about half a foot to a foot of loose rock from the roof. As the work progresses the miner supports the roof as he goes along with props provided for that purpose. The vein at the working place is referred to as the face of the coal and in this room was four feet thick.

On November 3, 1903, plaintiff was caught by a fall, either of coal from the face or of rock from the roof, and sustained the injuries complained of. All the witnesses for both parties agree that there was a fall of coal. But plaintiff contends that in addition to the fall of coal there was a fall of rock from the roof. In this he is corroborated in a measure by two but clearly contradicted by four witnesses. Nobody saw the coal or rock as it fell. The fall of coal could not have come from the roof. It could only come from the face of the vein, as this is the only place that had any coal. The roof is soapstone rock.

Where then lies the truth? We must examine the surrounding circumstances. According to the testimony of the plaintiff he was bending over, with a shovel in his hand, when the fall came right out of the roof on top of him. The fall was estimated by the witnesses as being about three to four cars, and according to the plaintiff that entire fall came right on top of his back. The only injury however that he sustained was a simple fracture of one leg below the knee, together with an injury to one toe on the same foot.

A careful consideration of the evidence compels us to assent to defendant's argument that plaintiff's version of the accident is improbable. A man in a stooping position, receiving on his back a fall of several

tons of rock, would in all probability sustain some injury to his back and to his head. It would be a most remarkable thing if he should escape such injury. Moreover, Stevenson, who was no longer in defendant's employ at the time of the trial and who working in the same room the day after the accident and later, found the roof then in good condition, testified that plaintiff, whom he claims to have found not under the rocks but seated on a chunk of coal, told him that the coal had broken his leg.

No evidence was offered in rebuttal denying that plaintiff had made such a statement.

The preponderance of the evidence is against plaintiff's contention that a fall of rock from the unsupported roof caused the injury. Moreover, in our judgment the clear preponderance of the evidence is that there was an abundance of props on hand. While the plaintiff is supported by one witness in his testimony that he demanded props on Tuesday, the morning of the accident, a demand denied by the defendant's witness, no evidence is offered as to what disposition was made of the 30 or 40 props testified to have been delivered on the preceding Saturday. Inasmuch as plaintiff himself testifies that he had demanded props several days before as well as on the day of the accident, but does not, in rebuttal, deny that these had been delivered on Saturday, we should not disregard the testimony thereof, if we were disposed to concur, as we are not, in counsel's contention that it is improbable.

We have carefully considered not only the abstract but the entire record and regrettable as is such an accident and injury to plaintiff, we cannot concur in the judgment of the lower court, under which defendant, contrary to what seems to us the clear weight of the evidence, is made responsible therefor. The judgment must be reversed.

*Reversed.*